**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Phillip A. Brown, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2015-001251

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2016-UP-304
Submitted March 1, 2016 – Filed June 15, 2016

**AFFIRMED**

Phillip A. Brown, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Phillip A. Brown appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Department of Probation, Parole, and Pardon Services' denial of Brown's parole. On appeal, Brown argues (1) the ALC

erred in finding *Barton v. South Carolina Department of Probation, Parole, and Pardon Services*[1] did not apply to this case,[2] (2) the ALC violated the ex post facto clause by applying section 24-21-610 of the South Carolina Code (2007), (3) the Parole Board (the Board) failed in its duty to notify the proper parties and violated the ex post facto clause when it applied section 24-21-221 of the South Carolina Code (2007). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Because Brown's parole was rescinded due to lack of requisite notice of the parole hearing to victim's family, we find the ALC did not err in finding *Barton* did not apply to this case. *See* S.C. Code Ann. § 24-21-221 (finding the director must give thirty-days' notice of any parole board hearing to "(1) any victim of the crime who suffered damage to his person as a result thereof or if such victim is deceased, to members of his immediate family to the extent practicable; (2) the solicitor who prosecuted the prisoner or his successor in the jurisdiction in which the crime was prosecuted; and (3) the law enforcement agency that was responsible for the arrest of the prisoner concerned"); S.C. Code Ann. § 24-21-645 (Supp. 1997) (providing a parole order is not final until it is signed by a majority of the Board and issued by the director upon satisfactory completion of a provisional period); *Barton*, 404 S.C. at 413-14, 419, 745 S.E.2d at 120, 123 (holding (1) the statutory amendment that required that parole for persons convicted of a violent crime be approved by at least two-thirds of the Board members, in contrast to the prior version of the statute, violated federal and state ex post facto clause as applied retroactively and (2) authorization of parole for persons convicted of a violent crime requires only a two-thirds vote of the members participating in a hearing).

We find Brown's argument that the Board violated Brown's due process rights when it rescinded his parole cannot be relitigated because it is the law of the case. *See Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 62, 492 S.E.2d 62, 68 (1997) ("The doctrine of the law of the case prohibits issues which have been decided in a prior appeal from being relitigated in the [ALC] in the same case.").

---

[1] 404 S.C. 395, 745 S.E.2d 110 (2013).
[2] In his brief, Brown raised several arguments pertaining to this first issue. We have addressed all of those arguments in the first section.

We find Brown's arguments that (1) his provisional parole became effective when he received a favorable psychological evaluation on May 26, 2010, (2) the thirty-day time limit to request a rehearing passed before his parole was rescinded, and (3) the Board did not take into account that he had successfully completed the first of six assigned conditions of his provisional parole are unpreserved. *See Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the [ALC] are not preserved for appellate consideration.").

2. We find Brown's arguments that the ALC violated the ex post facto clause by applying sections 24-21-610 and 24-21-221 of the South Carolina Code are unpreserved. *See id.* ("[I]ssues not raised to and ruled on by the [ALC] are not preserved for appellate consideration.").

**AFFIRMED.** [3]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.